In re KILLAN'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

ADMINISTRATORS — PROCEEDINGS FOR FINAL SETTLEMENT AND ACCOUNTING — PROCEDURE.

By the filing of a petition for final settlement by an administrator, and the issuance of citation thereon, the surrogate's court acquires jurisdiction of the administrator's accounting; and, when he has accounted and made settlement in accordance with the decree of distribution entered, the court cannot entertain a petition for an accounting de novo filed by one claiming to be an heir of decedent, and that he was not served with the citation, but the remedy of the latter, if not bound by the original decree and accounting, is by motion to have the same reopened.

Appeal from surrogate's court, Monroe county.

In the matter of the estate of Mary Killan, deceased. Appeal from a decree and order refusing to issue a commission to examine witnesses, and dismissing a proceeding against the administrator for a final accounting. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and WILLIAMS, JJ.

Myron D. Short, for appellant.
James M. E. O'Grady, for respondent.

WILLIAMS, J. The decree and order appealed from should be affirmed, with costs. The death of the intestate occurred August 24, 1898. O'Reilly, a creditor of the intestate, was appointed administrator of the estate October 21, 1898. The estate consisted of personal property of the value of $1,514.22. A citation for a final settlement on petition of the administrator was issued, returnable December 30, 1899. It was directed to the next of kin, heirs at law, creditors. and persons interested in the estate, and was served by publication, by order of the surrogate, upon Patrick Killan, one of the next of kin. On the return day of the citation, five persons, claiming to be cousins of the intestate, appeared, personally and by counsel, and claimed the estate. Their names were Martin Callon, John Callon, Margaret Dunn, Michal C. Callon, and Mary Ford. The administrator declined to recognize these persons as heirs or next of kin. Thereupon issue was joined on the question of relationship, and December 30, 1899, these persons appeared and were examined in surrogate's court, and were decreed to be cousins of the intestate, and the only heirs and next of kin living and entitled to share in the estate; and February 7, 1900, a decree was made in surrogate's court directing the administrator to distribute and pay to these persons the balance of the estate after the payment of debts and funeral expenses, and thereafter the administrator made payments accordingly, and filed his receipts in the surrogate's court. Thereafter, and on January 9, 1901, the petitioner in this proceeding, claiming to be a brother of the intestate and to live in Ireland, filed his petition, claiming no accounting as to him had been made, and asked that citation be issued to the administrator to so account.

The citation was issued, returnable January 23, 1901. On the return day the administrator answered, setting up the facts hereinbefore stated as to the former accounting, and that he had been discharged as administrator upon such accounting. All these matters appeared to be true from proceedings and records in the office of the surrogate's court, and were undisputed. And the court, upon motion of the administrator, refused to issue a commission to examine witnesses, and dismissed the proceeding for a new accounting de novo, holding that the court by the filing of the petition for the original accounting acquired jurisdiction of the subject-matter, and that the petitioner's remedy was by motion to reopen the original accounting and decree made therein, upon notice to the parties who appeared thereon.

The surrogate was correct in the determination made by him. The court acquired no jurisdiction of the person of the present petitioner in the proceeding for the original accounting, and, if the petitioner is really a brother of the intestate, the original accounting and the decree made thereon were not binding upon him, and he is entitled to have such accounting and decree reopened, and to have his day in court; but the court acquired jurisdiction of the subject-matter of the accounting from the time of the filing of the original petition, that proceeding is still in court, and this petitioner's remedy must be had in that proceeding. The surrogate had power to impose costs upon the petitioner personally on the ground that he mistook his remedy, and made the administrator costs unnecessarily, and should therefore be required to pay the same.

The decree and order appealed from should be affirmed, with costs. All concur.